OPINION
{¶ 1} The defendant-appellant, Reynaldo Uballe Jr. ("Uballe"), appeals the November 17, 2005, Judgment of conviction and sentence entered in the Court of Common Pleas, Seneca County, Ohio.
 {¶ 2} On March 28, 2005 at approximately 6:00 a.m., Jackie Vance ("Jackie") was picked up by Brenda Randall ("Brenda"), her home health care provider, to go to Wood County Hospital in Bowling Green, Ohio for a surgical procedure. Jackie and Brenda rode together in Jackie's van to Wood County Hospital because Brenda had left her car with Jennifer Peace ("Jennifer"), Jackie's daughter, so that she could go to court that morning. On their way to Wood County Hospital, Brenda received a phone call on her cell phone from Jennifer but had Jackie answer the phone since she was driving and it was Jackie's daughter. Jennifer was upset because Uballe was at her house and was threatening to slash the tires on the vehicles at Jennifer's house.
 {¶ 3} On that same morning at approximately 7:19 a.m., the Seneca County Sheriffs Office Dispatcher, Amy Kuhn, received a reported disturbance at the Hopewell Estates trailer park in Seneca County. Specifically, the Dispatcher was told by Jackie Vance that there was an intoxicated male subject at the Hopewell Estates Lot Number 16.
 {¶ 4} After speaking with Jackie, the Dispatcher called the residence and spoke with Jennifer who verified that there was a problem at her residence and that Uballe was outside with a knife threatening to slash car tires. Jennifer was still on the phone with the Dispatcher when she yelled:
 Jennifer: (Inaudible) He's slashing my tires. (Inaudible) get `em here quick. He's slashing the tires.
 Dispatcher: Hold on. (Inaudible) she is advising the tires-
 Jennifer: (Inaudible) Help me. Help me. He's slashing (Inaudible)
Tr. Trans. p. 181. Then she indicated that he was leaving the trailer park on foot through an adjacent field.
 {¶ 5} Deputy Scott Beier, Lt. William Eckelberry, and Deputy Steve Weber arrived shortly thereafter at Hopewell Estates Lot number 16. Deputy Beier testified that when he arrived he saw Jennifer standing in her driveway on a cordless phone. He noticed a green 1996 Pontiac Grand Am with four flat tires which he later learned by running the license plate of the vehicle that it belonged to Brenda Randel. He then obtained a written statement by Jennifer stating the events that had occurred that morning.
 {¶ 6} Lt. Eckelberry testified that he observed the Grand Am when he arrived on the scene. He stated that there were four flat tires and that there were cut marks in the sidewall of the tires that were approximately one inch long. In addition, Deputy Weber testified that he observed a Hispanic male wearing a Carhart jacket, which was the description that Jennifer had provided the Dispatcher, moving down Township Road 112 walking at a fast pace and hiding behind power poles or in ditches whenever a vehicle passed. Uballe was then apprehended by the deputies and no weapons were found on him, even though Jennifer had told the Dispatcher that he had possession of a knife.
 {¶ 7} On July 20, 2005, Uballe was indicted by the Seneca County Grand Jury on one count of vandalism in violation of R.C. 2909.05(B)(1)(b), a felony of the fifth degree. He was incarcerated and held in the Seneca County Jail until the jury trial which was held on October 6, 2005. On October 7, 2005 the jury trial returned a guilty verdict. On November 18, 2005, a sentencing hearing was held by the trial court sentencing Uballe to 87 days in jail with credit for time served, three years of community control and ordered him to pay restitution.
 {¶ 8} On December 7, 2005, Uballe filed a notice of appeal raising the following assignment of error:
 THE RECORD CONTAINS INSUFFICIENT EVIDENCE TO SUPPORT APPELLANT'S CONVICTION OF VANDALISM A FELONY OF THE FIFTH DEGREE.
 {¶ 9} Uballe asserts in his sole assignment of error that the record does not contain sufficient evidence to support his conviction of vandalism in violation of R.C. 2909.05(B)(1)(b), a felony of the fifth degree. Specifically, Uballe claims that the evidence provided at trial was insufficient to prove that Brenda's vehicle was necessary for her to engage in her profession, business, trade or occupation.
 {¶ 10} In State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, the Ohio Supreme Court set forth the sufficiency of the evidence test as follows:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial and determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
In contrast, when reviewing whether a verdict is against the manifest weight of the evidence, the appellate court must review the entire record, consider the credibility of witnesses, and determine whether "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins (1997), 78 Ohio St.3d 380, 387,678 N.E.2d 541, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 11} Pursuant to R.C. 2909.05(B),
 (1) No person shall knowingly cause physical harm to property that is owned or possessed by another, when either of the following applies:
 (a) * * *
 (b) Regardless of the value of the property or the amount of damage done, the property or its equivalent is necessary in order for its owner or possessor to engage in the owner's or possessor's profession, business, trade, or occupation.
 {¶ 12} In this case, Brenda testified at trial that she owned the car in question, that all four tires were slashed, and that the car was her only means of performing her job as a self-employed home health care assistant in which she was involved seven days a week picking up groceries and prescriptions for various patients/clients. In addition, Jennifer's testimony together with the phone transcripts of the calls to the Seneca County Sheriff's Office on the morning of the incident, established that appellant had slashed the tires.
 {¶ 13} In sum in reviewing the totality of the evidence, we cannot conclude that the trial court clearly lost its way or created a manifest miscarriage of justice. Furthermore, after viewing the entire record and the evidence in the light most favorable to the State, we conclude that a rationale trier of fact could have found the essential elements of Vandalism proven beyond a reasonable doubt. Accordingly, Uballe's sole assignment of error is overruled. Therefore, the trial court's November 17, 2005, Judgment of conviction and sentence entered in the Court of Common Pleas, Seneca County, Ohio is affirmed.
Judgment Affirmed.
 BRYANT, P.J., concurs.